I concur only in affirming summary judgment for Appellee because of the failure of Appellant to offer admissible evidence to establish a disputed issue of material fact concerning exhaustion of policy limits.
In Appellant's brief on appeal, counsel directs our attention to correspondence attached to Appellant's response to Appellee's motion for summary judgment as evidence of the costs of litigation to be saved by Appellant's settlement with the tortfeasor for a payment substantially exhausting but less than Appellee's policy limits. The letters purportedly were written and exchanged by counsel in a thorough effort by Appellant to reach an agreement to exhaust policy limits and preserve Appellee's right to subrogation. Unfortunately, the unsworn arguments of counsel do not provide the verification required by Civ.R. 56(C) to permit our acceptance of the content of counsel's detailed letters as evidence of the probable cost of litigation to be saved. Thus we can identify no disputed issue of material fact precluding summary judgment. I am perplexed by the majority's confirming the insurer's loss of its right of subrogation by reference to the same correspondence.
Counsel have neither pursued not briefed the issue of lost subrogation rights in this appeal. I do not believe it wise or necessary to pronounce extended dictum on a moot issue not developed in the record and tested by argument. Therefore, I do not join the majority opinion respecting the issue of subrogation.